**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 31 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

EDWARD G. NOVOTNY, in his
individual capacity as Trustee of
MIDWEST LIMITED and
SUNRISE INVESTMENTS,

　　　　Defendant-Appellant,

STATE OF COLORADO;
DEPARTMENT OF REVENUE,

　　　　Defendant-Appellee,

　　and

ETTA B. NOVOTNY,

　　　　Defendant.

No. 02-1417
(D.C. No. 99-RB-2196 (PAC))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge, **BRORBY** , Senior Circuit Judge, and **HARTZ** ,
Circuit Judge.

---

* 　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendant Edward G. Novotny, appearing pro se, appeals the district court's adverse judgment in this civil tax matter.  He asserts that the district court lacked jurisdiction to hear and determine the case against him.  This court exercises its jurisdiction pursuant to 28 U.S.C. §1291 and affirms.

## BACKGROUND

The United States brought suit to reduce to judgment assessments against Mr. Novotny for income taxes, penalties, and interest from tax years 1989 through 1991 and to foreclose its liens upon seven parcels of real property nominally held by two trusts, Midwest Limited and Sunrise Investments.  The United States named as defendants in the action all known parties having an interest in the parcels of property, including the trusts, Etta B. Novotny (the taxpayer's spouse), and the State of Colorado, Department of Revenue (which had filed its own tax liens against the properties).  The trusts, Mrs. Novotny, and the State of Colorado filed various counterclaims and crossclaims.

After a series of orders and a bench trial, the district court concluded that: (1) Mr. Novotny was liable to the United States for federal income taxes and statutory assessments in the amount sought by the United States, $171,932.76; (2) the transfers of the seven parcels of property to the trusts were void as to the United States, in that the trusts were shams and also alter egos and nominees of Mr. Novotny; (3) the transfers should be set aside and the federal tax liens foreclosed on the properties; (4) Mrs. Novotny was entitled to judgment quieting title to her undivided one-half interest in the properties; and (5) the State of Colorado's tax lien against the properties is valid, subordinate, and junior to that of the United States.

Accordingly, the court entered judgment and ordered the properties sold, with one half of the net sale proceeds to be applied first to Mr. Novotny's federal tax liability, and if this liability is satisfied and funds remain, then to Mr. Novotny's Colorado state tax liability. The other half of the net proceeds was to be paid to Mrs. Novotny. The court also entered a deficiency judgment against Mr. Novotny and in favor of the United States, if the proceeds of the sale did not satisfy the federal tax debt. Only Mr. Novotny has appealed. [1]

---

[1] Although Mrs. Novotny has entered a pro se notice of appearance, she is not an appellant in this matter. Neither she nor her husband may represent the trusts. *See Knoefler v. United Bank*, 20 F.3d 347, 348 (8th Cir. 1994) (holding that a nonlawyer trustee may not represent a trust in federal court). Further, as an

(continued...)

**DISCUSSION**

Mr. Novotny's appellate arguments are not entirely clear, but they appear to focus on the district court's jurisdiction. We review the question of the district court's jurisdiction de novo. *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989).

Although we liberally construe Mr. Novotny's pro se appellate brief, *see Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), we will not assume the role of his advocate, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). As we decipher the argument section of Mr. Novotny's brief, he makes four jurisdictional challenges. First, he claims that the federal district court lacked jurisdiction to determine the legal status of the trusts for tax purposes, because the ruling "debauch[ed] unlawfully the trust laws enacted by the Colorado Legislature as purveyors of a sham," Appellant's Br. at 9. Second, he asserts that the United States did not comply with his own novel interpretation of 26 U.S.C. § 7401, a provision which states that a tax civil action may not be commenced unless the Secretary of Treasury or his delegate authorizes it and the Attorney General or his delegate directs that it be commenced. Third, he claims that, in ruling against him, judicial officials violated their oaths promising to

---

[1](...continued)
individual litigant, Mrs. Novotny prevailed in district court.

defend the United States Constitution and were therefore acting outside of their jurisdiction. And finally, he argues that the district court lost its jurisdiction when it applied the general rule that taxpayers bear the burden of establishing the error in the IRS's determination of the tax due, *United States v. Brown,* ___ F.3d ___, No. 01-4229, 2003 WL 21529086, *4 (10th Cir. July 8, 2003), a procedure that left him defenseless against an unconstitutional bill of pains and penalties.

It is plain that 26 U.S.C. § 7402 and 28 U.S.C. § 1340 explicitly vest federal district courts with jurisdiction over civil actions involving the enforcement of the internal revenue laws. Further, the government satisfactorily established the necessary jurisdictional elements in this case. We find no merit in Mr. Novotny's jurisdictional challenges and conclude that they are patently incorrect.

To the extent that Mr. Novotny has attempted to make other arguments on appeal, and seeks a review of evidentiary rulings or the sufficiency of the evidence, those arguments are waived by his failure to provide us with a transcript of the trial. *See United States v. Vasquez*, 985 F.2d 491, 495 (10th Cir. 1993) (stating that a failure to file a transcript precludes review of evidentiary rulings or claims concerning sufficiency of the evidence).

Mr. Novotny's motion to file a supplement reply brief is GRANTED. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Deanell Reece Tacha
Chief Judge